IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RALPH THURSTON O'NEAL, III, | : | |
| Plaintiff | : | |
| VS. | : | |
| Warden BARBARA WALRATH, *et al.*, | : | NO. 7:10-cv-14 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **RALPH THURSTON O'NEAL, III**, presently an inmate at the Irwin County Detention Center in Ocilla, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 1).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. ***See Rivera v. Allin***, 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)'s imminent danger exception. ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff, while incarcerated, has filed several civil actions in federal court. At present, three of the

complaints were dismissed pursuant to 28 U.S.C. § 1915 for frivolity, malice, or failure to state a claim upon which relief may be granted.  *O'Neal v. Stockton*, 3:8-cv-467 (E.D. Tenn. Dec. 19, 2008); *O'Neal v. Mynatt*, 3:8-cv-491 (E.D. Tenn. Dec. 18, 2008); and *O'Neal v. Blount County Detention Center*, 3:8-cv-456 (E.D. Tenn. Nov. 20, 2008).

As plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff's claims arising out of lost or misplaced legal materials do not constitute allegations of "imminent danger of serious physical injury."  This result is not changed by plaintiff suffering from Crohn's disease.  The medical care plaintiff received for this condition is not an issue.  Plaintiff's alleged increased stress resulting from the loss of legal materials is too attenuated.

Because plaintiff has three prior strikes and does not appear to be in imminent danger of serious physical injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.  If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.  As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 25th day of February, 2010.

*s/   Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr